

William C. Baton

Phone: (973) 286-6722

Fax: (973) 286-6822

wbaton@saul.com

www.saul.com

February 20, 2020

**VIA ECF**

The Honorable Leda D. Wettre, U.S.M.J.
United States District Court
Martin Luther King Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    *Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc.*
              Civil Action No. 19-21384 (SDW)(LDW)

Dear Judge Wettre:

      This firm, together with Quinn Emanuel Urquhart & Sullivan, LLP, represents plaintiff Corcept Therapeutics, Inc. ("Corcept") in the above-captioned matter.

      Enclosed is the parties' Joint Proposed Discovery Plan for the above matter. We look forward to discussing this and any other issues with Your Honor during the Initial Scheduling Conference for this case on February 24, 2020 at 12:00 p.m.

      Thank you for Your Honor's kind attention to this matter.

                                                Respectfully yours,

                                                William C. Baton

Enclosure

cc:    All Counsel (via e-mail)

Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Corcept Therapeutics, Inc.*

Liza M. Walsh
Hector D. Ruiz
Eleonore Ofosu-Antwi
Zahire D. Estrella-Chambers
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CORCEPT THERAPEUTICS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**TEVA PHARMACEUTICALS USA, INC.,**<br><br>Defendant. | **Civil Action No. 19-21384 (SDW)(LDW)**<br><br>**(Filed Electronically)**<br><br>**JOINT PROPOSED DISCOVERY PLAN**<br><br>**Initial Scheduling Conference Date: February 24, 2020, at 12:00 p.m.** |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and Local Civil Rule 26.1(b) Plaintiff Corcept Therapeutics, Inc. ("Corcept") and Defendant Teva Pharmaceuticals USA, Inc. ("Teva") have conferred and submit the following Joint Proposed Discovery Plan.

1. **Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

   **Joint Response**: This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §100, *et seq.*, filed by Corcept in response to Teva's filing of Abbreviated New Drug Application ("ANDA") No. 211436 with the United States Food and Drug Administration ("FDA"). Teva is seeking approval from the FDA to commercially market

- 1 -

generic versions of Corcept's K<small>ORLYM</small>® (mifepristone) drug products ("Teva's ANDA Products") before the expiration of United States Patent No. 10,500,216 ("the '216 patent").

Generally, the claims of the '216 patent cover, among other things, methods of use and administration of mifepristone.

In this litigation, Corcept asserts that Teva's ANDA filing constitutes infringement of one or more claims of the '216 patent, and that Teva's ANDA Products will infringe those claims after FDA approval. Teva asserts that the '216 patent is invalid and/or not infringed.

2. **Have settlement discussions taken place? Yes _____ No  X   .**

   If so, when? _____N/A_____

   **(a)   What was plaintiff's last demand?**

   (1) Monetary demand: $ \_\_\_\_N/A\_\_\_\_\_
   (2) Non-monetary demand: \_\_\_\_N/A\_\_\_\_\_

   **(b)   What was defendants' last offer?**

   (1) Monetary offer: $ \_\_\_\_N/A\_\_\_\_\_
   (2) Non-monetary offer: \_\_\_\_N/A\_\_\_\_\_

3. **The parties have \_\_\_ have not  X  exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

   **Joint Response**: The parties' proposed date for Rule 26(a)(1) disclosures is set forth in the schedule in Exhibit 1.

4. **Describe any discovery conducted other than the above disclosures.**

   **Joint Response**: No discovery has occurred in this litigation or relating to the '216 patent. In Civil Action No. 18-3632, Teva produced a copy of ANDA No. 211436 pursuant to L. Pat. R. 3.6(a) and has produced documents pursuant to L. Pat. R. 3.6(j). Both parties have substantially completed their document production in Civil Action No. 18-3632.

5. **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

   **Plaintiff's Response**: Corcept submits that dispositive motions are inappropriate in this case. If, however, dispositive motions are to be filed, Corcept proposes that such motions may be filed only with leave of the Court upon a showing of good cause.

   Teva attempts to reargue that it should be allowed to file summary judgment in Civil Action No. 18-3632. Teva previously requested leave to file summary judgment in C. A. 18-3632 while the case was pending before Judge Waldor and was repeatedly denied. *See e.g.* D.I.

42, 59. Now that the 18-3632 action is before Your Honor, Teva is apparently attempting for yet another bite at the apple, hoping that Your Honor does not realize that Judge Waldor has already rejected Teva's request. This is improper.

Teva's request for leave is also inconsistent with its request to for an accelerated trial date in both 18-3632 and 19-21348. A futile summary judgment motion will only slow down resolution of both actions. For this additional reason, Teva's repeated request for leave to file a motion for summary judgment should be denied.

**Defendant's Response**: Teva submits that this case should be consolidated with Civil Action No. 18-3632 and that the case should proceed on a schedule that will avoid the need for preliminary-injunction proceedings or, at the least, allow the parties and the Court to narrow the issues in dispute in advance of the end of the 30-month stay (August 1, 2020). To that end, Teva would seek to file a motion for summary judgment of non-infringement as to one or more of the four patents asserted across Civil Action No. 18-3632 and this case. Teva believes that many of the infringement issues presented in this case are amenable to resolution on summary judgment, which could obviate the need for preliminary-injunction proceedings on some or all asserted patents.

Corcept's characterization of Teva's request for summary judgment briefing is unfounded and improper. Judge Waldor declined to allow summary-judgment motion practice in Civil Action No. 18-3632 *prior to discovery*. That decision in no way precluded summary-judgment briefing that follows the close of fact or expert discovery. Judge Waldor thus has not "already rejected Teva's request," and Corcept misrepresents the record in stating otherwise.

Corcept's suggestion that summary-judgment motion practice would slow the progress of these cases is also incorrect. Just as in any other case, the parties can brief dispositive motions while the case proceeds towards trial.

**6.**     **The parties proposed the following:**

   **(a)**     **Discovery is needed on the following subjects:**

**Joint Response**: Discovery relating to the claims and defenses in the parties' pleadings, including infringement and validity of the '216 patent, as well as various related issues, claims, and affirmative defenses.

   **(b)**     **Should discovery be conducted in phases? If so, explain.**

**Joint Response**: Discovery should not be conducted in phases.

   **(c)**     **Number of Interrogatories by each party to each other party:**

**Joint Response**: The Federal Rules of Civil Procedure provide a sufficient starting point for the number of Interrogatories served by each side. Accordingly, the parties provisionally agree that each side be allowed to serve up to 25 Interrogatories. Should the need arise, the parties can discuss the possibility of additional Interrogatories in the future.

**(d)  Number of Depositions to be taken by each party:**

**Joint Response**: The Federal Rules of Civil Procedure provide a sufficient starting point for the number of depositions taken by each side.  Accordingly, no change to Fed. R. Civ. P. 30(a)(2)(A)(i) regarding depositions is requested.  Should the need arise, the parties can discuss the possibility of additional depositions in the future.

**(e)  Plaintiff's expert report due on \_\_\_\_\_.**

**Joint Response**:  The parties' proposed schedule is attached hereto as Exhibit 1.

**(f)  Defendants' expert report due on _____.**

**Joint Response**:  The parties' proposed schedule is attached hereto as Exhibit 1.

**(g)  Motions to Amend or to Add Parties to be filed by _____.**

**Joint Response**:  The parties' proposed schedule is attached hereto as Exhibit 1.

**(h)  Dispositive motions to be served within _____ days of completion of discovery.**

**Joint Response**:  The parties' proposed schedule is attached hereto as Exhibit 1.

**(i)  Factual discovery to be completed by _____.**

**Joint Response**:  The parties' proposed schedule is attached hereto as Exhibit 1.

**(j)  Expert discovery to be completed by _____.**

**Joint Response**:  The parties' proposed schedule is attached hereto as Exhibit 1.

**(k)  Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

**Plaintiff's Response**:  A Discovery Confidentiality Order will be required in this action.  Corcept believes that the DCO can be closely modeled after the DCO entered in Civil Action No. 18-3632.

**Defendant's Response**: Teva agrees that a Discovery Confidentiality Order will be required in this action. If this case is consolidated with Civil Action No. 18-3632 as Teva requests, the DCO entered in Civil Action No. 18-3632 will govern the consolidated case.

**(l)  A pretrial conference may take place on _____.**

**Joint Response**:  The parties' proposed schedule is attached hereto as Exhibit 1.

**(m)** **Trial by jury or non-jury Trial?**

**Joint Response**: Non-Jury trial.

**(n)** **Trial date: _____.**

**Joint Response**: The parties' proposed schedule is attached hereto as Exhibit 1.

7. **Do you anticipate any discovery problem(s)? Yes ___ No  X . If so, explain.**

8. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problem with out-of-state witnesses or documents, etc.)? Yes _____ No ___.**

   **Joint Response**: None.

9. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

   **Joint Response**: The parties do not believe that this case is appropriate for voluntary arbitration, mediation, appointment of a special master, or other special procedure at this time.

10. **Is this case appropriate for bifurcation? Yes ___ No  X .**

11. **We do ____ do not  X  consent to the trial being conducted by a Magistrate Judge.**

12. **Pursuant to Local Patent Rule 2.1(a), the parties report the following from the 26(f) conference:**

    **(1) Proposed modification of the obligations or deadlines set forth in these Local Patent Rules to ensure that they are suitable for the circumstances of the particular case (see L. Pat. R. 1.3);**

    **Joint Response:** The parties have addressed this issue in the proposed schedule attached hereto as Exhibit 1.

    **(2) The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court;**

    **Joint Response**: The parties have addressed this issue in the proposed schedule attached hereto as Exhibit 1.

    **(3) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing;**

- 5 -

**Joint Response**: The parties will submit this information in the Joint Claim Construction and Prehearing Statement, and refer the Court to Exhibit 1 for the parties' proposed date for submission of the joint statement.

**(4) How the parties intend to educate the Court on the patent(s) at issue;**

**Joint Response**: The parties intend to educate the Court on the patents at issue through at least submissions to the Court, which may include *Markman* tutorial(s).

**(5) The need for any discovery confidentiality order and a schedule for presenting certification(s) required by L. Civ. R. 5.3(b)(2).**

**Joint Response**: The parties will submit a proposed Discovery Confidentiality Order, and refer the Court to Exhibit 1 for their proposed due date for submission of the order.

**(6)**

   a. **The availability and timing of production of invention records (including inventor laboratory notebooks and analytical test results);**

   **Plaintiff's Response**: Corcept's investigation regarding the availability and timing of production of invention records is ongoing.

   b. **The availability and timing of production of ANDA product research and development documents;**

   **Defendant's Response**: Teva has already produced to Corcept all such documents in Civil Action No. 18-3632.

   c. **The availability and timing of production of ANDA product samples;**

   **Defendant's Response**: Corcept has not requested from Teva ANDA product samples in Civil Action No. 18-3632. If Corcept wishes to request product samples in this action, Teva will consider that request.

   d. **The date of conception and the date of reduction to practice for each patent asserted in the action, if applicable;**

   **Plaintiff's Response**: Corcept will provide the information required by the Local Patent Rules with its contentions.

   e. **Each inventor's availability for deposition in the matter;**

   **Plaintiff's Response**: The inventors include third parties whose availability is unknown at this time. The parties will discuss depositions after any such requests have been made by Teva.

   f. **Availability of foreign witnesses for deposition and foreign documents;**

    **Plaintiff's Response**:  Corcept is currently unaware of any foreign witnesses or foreign documents.

    **Defendant's Response**: Teva is currently unaware of any relevant foreign witnesses or foreign documents.

g.  **Whether there is a 30-month stay and if so, when it ends;**

    **Joint Response**:  There is no 30-month stay attached to the '216 patent.  The 30-month stay in Civil Action No. No. 18-3632 expires August 1, 2020.

h.  **A date for substantial completion of document production and a method for determining compliance;**

    **Joint Response**:  The parties' proposed schedule is attached hereto as Exhibit 1.

i.  **Any other issues or matters that a party believes are time sensitive.**

    **Plaintiff's Response**:  Teva's proposal makes no sense.  Teva is proposing a trial date in October 2020, but at the same time has refused to agree to stay off the market pending a trial decision.  While Teva states that it wants to "avoid the need for preliminary injunction proceedings," unless Teva will agree to stay off the market, Corcept will be forced to seek a temporary restraining order and file a preliminary injunction motion.

    If Teva is willing to agree not to launch its ANDA product at least until a trial decision by this Court, then Corcept would be willing to consider consolidation and an accelerated trial schedule.  If, however, Teva intends to force the parties and the Court to undergo preliminary injunction proceedings, then there is no point in acceleration or consolidation.  The "need for preliminary injunction proceedings" is entirely in Teva's control.

    **Defendant's Response**: As noted above, Teva submits that this case should be consolidated with Civil Action No. 18-3632 and that the case should proceed on a schedule that will either avoid the need for preliminary-injunction proceedings or, at the least, allow the parties and the Court to narrow the issues in dispute in advance of the end of the 30-month stay (August 1, 2020). Teva submits that prompt entry of an expedited schedule would aid the parties and the Court in accomplishing this goal. Teva's proposed schedule, reflected in Exhibit 1, would allow the parties to reach trial on all four patents asserted in the two cases by October 2020.

    Corcept's statement that "the 'need for preliminary injunction proceedings' is entirely in Teva's control" has things exactly backwards. *Corcept*, not Teva, would be the party moving for a preliminary injunction. If Corcept truly wants to avoid preliminary-injunction proceedings, it can either cooperate with Teva's efforts to resolve these cases quickly—something Corcept has thus far

- 7 -

refused to do—or it can decline to file a motion for a preliminary injunction and pursue a damages remedy. Corcept should not be permitted to obtain a de facto extension of the statutory 30-month stay by postponing the resolution of this case.

- 9 -

Respectfully submitted,            Dated:      February 20, 2020

s/ William C. Baton
Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Daniel Wiesner
John P. Galanek
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff*
*Corcept Therapeutics, Inc.*

s/ Liza M. Walsh
Liza M. Walsh
Hector D. Ruiz
Eleonore Ofosu-Antwi
Zahire D. Estrella-Chambers
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Of Counsel* (*pro hac vice* to be submitted):
J.C. Rozendaal
Michael E. Joffre
Uma N. Everett
William H. Milliken
Brady P. Gleason
STERNE, KESSLER, GOLDSTEIN & FOX
P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

# EXHIBIT 1

*Corcept v. Teva*, 19-21384 (D.N.J.)

| Event | Corcept Proposed Dates | Teva Proposed Dates |
|---|---|---|
| Rule 16 Conference | 2/24/2020[1] | 2/24/2020* |
| Exchange Initial Disclosures | 3/2/2020 | 2/28/2020* |
| Plaintiff identifies asserted claims | 3/2/2020 | 2/28/2020* |
| Parties Submit proposed Discovery Confidentiality Order | 3/9/2020 | 3/9/2020* |
| Defendant serves non-infringement and invalidity contentions of asserted claims | 3/25/2020 | 3/20/2020* |
| Plaintiff serves infringement contentions and response to invalidity contentions | 5/11/2020 | 4/17/2020* |
| Deadline for substantial completion of document production | 10/30/2020 | 4/17/2020[†] |
| Parties exchange proposed terms for construction and thereafter meet and confer to narrow issues | 5/25/2020 | 4/22/2020* |
| Parties exchange preliminary proposed constructions and identifications of intrinsic and extrinsic evidence and thereafter meet and confer to narrow issues | 6/15/2020 | 4/27/2020* |
| Parties exchange evidence opposing proposed claim constructions | 6/29/2020 | 4/30/2020* |
| Parties file Joint Claim Construction and Prehearing Statement | 7/15/2020 | 5/4/2020* |
| Parties complete fact discovery related to claim construction | 8/14/2020 | 5/4/2020* |
| Parties file opening *Markman* papers, including any expert declarations | 8/31/2020 | 5/6/2020* |

---

[1] Corcept's proposed dates are for the 19-21384 Action only. Before it is possible to agree to a schedule in the 18-3632 Action, Corcept believes it is necessary to resolve the issues relating to potential trial dates and the need for preliminary injunction briefing in that action.

1

*Corcept v. Teva*, 19-21384 (D.N.J.)

| Event | Corcept Proposed Dates | Teva Proposed Dates |
|---|---|---|
| Parties complete expert discovery regarding *Markman* issues | 9/30/2020 | 5/15/2020* |
| Parties file responsive *Markman* papers | 10/30/2020 | 5/22/2020* |
| Parties propose schedule to the Court for Claim Construction Hearing | 11/13/2020 | 5/29/2020* |
| Claim Construction Hearing | To be determined | June 2020* |
| Close of fact discovery | 1/8/2021 | 6/11/2020† |
| Opening expert reports on issues for which the party bears the burden of proof | To be determined | 7/3/2020† |
| Rebuttal expert report | To be determined | 7/31/2020† |
| Reply expert reports | To be determined | 8/31/2020† |
| Close of expert discovery | To be determined | 9/18/2020† |
| Final Pretrial Order | To be determined | 9/30/2020† |
| Final Pretrial Conference | To be determined | October 2020† |
| Trial | To be determined | October 2020† |

\* - Civil Action No. 19-21384 only
† - Civil Action Nos. 18-3632 and 19-21384